UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

NEIL JOSEPH DEJEAN ET AL.          CIVIL ACTION NO. 6:10-cv-0597

VERSUS                             JUDGE HAIK

NABORS DRILLING USA, LP ET AL.     MAGISTRATE JUDGE HANNA

**<u>RULING</u>**

Currently pending before this Court are several related motions.  First is the motion to quash and/or for protective order and for sanctions (Rec. Doc. 41), which was filed by defendants Chevron U.S.A. Inc. and  Nabors Offshore Corporation, and pertains to the plaintiffs' subpoena duces tecum that was directed to Dr. Kevin J. Bianchini.  That motion is opposed.  (Rec. Doc. 43).  Second is Dr. Bianchini's motion to quash and/or for protective order regarding the subpoena that was directed to him by the plaintiffs. (Rec. Doc. 53).  That motion is opposed.  (Rec. Doc. 55). Third is Chevron's motion to compel Dr. F.T. Friedberg to respond to a subpoena duces tecum directed to him or, alternatively, to hold him in contempt and/or impose sanctions against him.  (Rec. Doc. 50).  No objection or opposition has been filed in response to that motion.  A motion for expedited hearing of Chevron's motion regarding Dr. Friedberg (Rec. Doc. 51) was previously granted (Rec. Doc. 54). Finally, the plaintiff filed a motion for leave (Rec. Doc. 56) to substitute the signed

declaration of Dr. John C. Courtney for the unsigned declaration submitted in support of the plaintiff's memorandum opposing Dr. Bianchini's motion to quash.

Oral argument was held on June 8, 2011.  Present in court were:  David W. Leefe, representing defendants Chevron and Nabors; Lawrence N. Curtis, representing the plaintiffs; and Jed M. Mestayer, representing Dr. Bianchini.  Dr. Friedberg was also present.

## ANALYSIS

### 1.    CHEVRON AND NABORS'S MOTION TO QUASH THE SUBPOENA DIRECTED TO DR. BIANCHINI

Dr. Bianchini performed a psychological examination of plaintiff Neil Dejean on March 23, 2011.  This examination was requested by the defendants.   In connection with the DME, the plaintiffs served a subpoena duces tecum on Dr. Bianchini.  On April 15, 2011, defendants Chevron and Nabors filed a motion to quash or limit the scope of the subpoena with regard to four types of documents sought in the subpoena:  professional literature authored by Dr. Bianchini, reports authored by Dr. Bianchini in other cases, Dr. Bianchini's income tax returns, and the testing materials used by Dr. Bianchini in evaluating Mr. Dejean.  Alternatively, Chevron and Nabors seek a protective order.  They also seek sanctions in the form of

fees and costs incurred by Dr. Bianchini in objecting to and responding to the subpoena.  The plaintiff opposed the motion and raised the issue of whether Chevron and Nabors have standing to object to the subpoena.

A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subpoenaed matter.[1]  Therefore, a motion to quash or a motion for protective order should generally be filed by the person from whom the documents or things are requested.[2] If, however, the discovery requests to the third party concern a party's personal interest, it is proper for the party to file such a motion.  Thus, if the discovery requests seek information that may have been sent by or for the party, the party has a right to challenge the discovery.[3]  A party may not, however, challenge a subpoena directed

---

[1]     *Keybank Nat'l Assoc. v. Perkins Rowe Associates,* L.L.C., 2011 WL 338470, *2 (M.D. La. 2011); *Hoover v. Florida Hydro, Inc.*, 2008 WL 4467661, *3 (E.D. La. 2008). See *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (finding that a party did not have standing to challenge a subpoena without asserting some personal right or privilege); *Old Towne Dev. Grp., L.L.C. v. Matthews*, 2009 WL 2021723, *1 (M.D. La. 2009) (finding that plaintiff's personal interest in the confidentiality of bank records was sufficient to confer standing); *Terwillegar v. Offshore Energy Servs., Inc.,* 2008 WL 2277879, *1 (E.D. La. 2008) (same).

[2]     *Hoover v. Florida Hydro, Inc.*, 2008 WL 4467661 at *3, citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed. 1995).

[3]     *Hoover v. Florida Hydro, Inc.*, 2008 WL 4467661, at *3.

to a third party on the grounds that the information sought is irrelevant or imposes an undue burden.[4]

Chevron and Nabors have not identified any interest that they might have in Dr. Bianchini's professional literature, in the reports he rendered in other cases, in his income tax returns, or in his testing materials.  Therefore, the undersigned finds that Chevron and Nabors have no standing to object to the subpoena directed to Dr. Bianchini.  Chevron and Nabors's motion (Rec. Doc. 41) will be denied.

## 2.   DR. BIANCHINI'S MOTION TO QUASH

Dr. Bianchini filed his own motion to quash the plaintiffs' subpoena (Rec. Doc. 53), reiterating the arguments set forth by Chevron and Nabors in support of their motion to quash and expounding upon his objection to the production of the requested psychological testing materials.

### a.   PROFESSIONAL LITERATURE AUTHORED BY DR. BIANCHINI

The plaintiff's subpoena requests the production of "[a] copy of each and every book, book chapter, journal article, etc. which you have authored, either alone, or in combination with others."  Dr. Bianchini objects to this request on the basis that it

---

[4]     *Keybank v. Perkins Rowe*, 2011 WL 338470 at *2.

unduly burdensome and expensive.  Dr. Bianchini will not be ordered to produce

copies of professional literature or articles authored by him if those documents are

generally available; he shall, however, within thirty days of the date of this order,

produce a listing of those documents by title, providing the location (e.g., journal,

newsletter) of where those documents may be found, if not already identified.  If

copies of the publications are available to Dr. Bianchini in an electronic format, he

shall produce copies to the plaintiffs.  If the professional literature that was authored

by Dr. Bianchini was published in a journal or otherwise and the plaintiffs would be

required to pay to obtain a copy, Dr. Bianchini shall bear that cost.

### b.  DR. BIANCHINI'S REPORTS IN OTHER CASES

Three of the requests set forth in the subpoena seek medical records of persons

who are not parties to this lawsuit.  These requests seek the production of:

> Any and all, and each and every, written report authored by
> you, or authored by another under your direction, during
> the past five (5) years; namely in the years of 2006, 2007,
> 2008, 2009, and 2010 "as part of" a "legal/workers'
> compensation case."

> Any and all, and each and every, written report authored by
> you, or authored by another under your direction, during
> the past five (5) years; namely in the years of 2006, 2007,
> 2008, 2009, and 2010 "as part of" a "legal/workers'
> compensation case" which included a discussion of the

results of test instruments such as, but not limited to, the California Verbal Learning Test – #2, Cognistat Auditory Comprehension, Finger Tapping, Million Multi Axil Clinical Inventory – #3, Minnesota Multiphasic Personality Inventory – #2, Modified Somatic Perception Questionnaire, NAB Orientation, Pain Disability Index, Sullivan Pain Questionnaire, Test of Memory Malingering, Wechler Adult Intelligence Scale – #3, Wechler Test of Adult Reading, Wide Range Achievement Test – III (reading), and Word Memory Test.

Any and all, and each and every, written report authored by you, or authored by another under your direction, during the past five (5) years; namely in the years of 2006, 2007, 2008, 2009, and 2010 "as part of" a "legal/workers' compensation case" in which you concluded that malingering or symptom magnification, to any extent, had been detected or established.

Dr. Bianchini objects to these requests on the basis that they seek the production of information protected by HIPAA and also because complying with the request would be unduly burdensome and expensive.  The plaintiffs argue that the requested reports do not fall within HIPAA protections because there was no therapeutic relationship between Dr. Bianchini and the persons he examined in order to prepare the subpoenaed reports.  The undersigned finds that the objections lack merit.  Therefore, within thirty days of the date of this order, Dr. Bianchini shall produce non-party medical reports authored by him in litigation cases in the last five years, redacting the names of the persons examined, their social security numbers,

-6-

personal addresses, names of relatives and any other identifying information other than the year of birth.

### c.    DR. BIANCHINI'S INCOME TAX RETURNS

The plaintiffs seek the production of Dr. Bianchini's state and federal income tax returns for years 2006, 2007, 2008, 2009, and 2010.  Dr. Bianchini objected to the production of these documents on two bases:  that they are personal in nature and that they contain information irrelevant to this lawsuit.  The undersigned finds that the plaintiffs are entitled to production of documents reflecting income earned by Dr. Bianchini through litigation-related referrals.  This could take various forms. Therefore, Dr. Bianchini will be ordered to produce 1099 forms, or other documentation from his accountant reflecting this information for each of the past five years.

### d.    THE TESTING MATERIALS

Finally, the plaintiffs requested the production of psychological testing materials, specifically including:

> Any and all and each and every written test (standardized or not – self-administered or not) which you or any of your office staff asked Neil Joseph DeJean to complete at any

time during your evaluation on Wednesday, March 23, 2011;

The instruction booklet, or test booklet, for each and every written test which you or any of your office staff asked Neil Joseph DeJean to complete at any time during your evaluation on Wednesday, March 23, 2011;

The scoring key, for each and every written test which you or any of your office staff administered to Neil Joseph DeJean at any time during your evaluation on Wednesday, March 23, 2011.

Dr. Bianchini has no objection to producing the test data or results, but he objects to the production of the test materials, that is, the documents responsive to this request for production, on the basis that confidentiality is necessary to preserve the integrity of the testing and avoid violation of ethical guidelines applicable to psychologists.  Dr. Bianchini would be amenable to producing the responsive documents to Mr. Dejean's treating psychologist, Dr. Friedberg, but not to the plaintiffs' counsel.

The undersigned finds that the plaintiffs are entitled to these materials, subject to the entry of an appropriate protective order.  Therefore, within thirty days of the date of this order, Dr. Bianchini shall produce copies of all *test data* as defined in Ethical Standard 9.04 of the APA Ethical Principles of Psychologists and Code of Conduct to counsel for the plaintiff. *Test materials* as defined in Ethical Standard

9.11used by him in connection with his neuropsychological testing of the plaintiff shall be produced to plaintiff's expert, Dr. Freidberg, which he is free to share with plaintiff's counsel as he deems appropriate, but subject to a protective order which shall be submitted by the parties to the undersigned for approval not later than fifteen days after the date of this order. Such protective order must provide at a minimum that the test materials will not be disclosed to third parties other than plaintiffs' experts without court authorization and that at the close of the litigation all copies will be returned to Dr. Bianchini or his attorney.

### 3.   CHEVRON'S MOTION TO COMPEL DR. FRIEDBERG

On April 29, 2011, Chevron served a subpoena duces tecum (Rec. Doc. 50-2) on Dr. Ted Friedberg, Mr. Dejean's treating psychologist.  When Dr. Friedberg failed to respond fully and completely to the subpoena, Chevron filed a motion to compel complete responses or, alternatively, for contempt and/or sanctions.  (Rec. Doc. 50). Dr. Friedberg did not object to the subpoena, nor did counsel appear for him in this lawsuit.  But Dr. Friedberg did personally appear at the hearing on June 8, 2011.

Chevron argues that Dr. Friedberg failed to respond to the following document requests set forth in the subpoena:

      1.     Handwritten notes by Dr. Friedberg or his staff;

2.      All written tests completed by Neil Dejean, including the instruction booklet for the test, and the scoring key....

3.      A copy of the jacket in which the file is maintained, front cover – inside and out – and back – inside and out;

4.      For the years 2006, 2007, 2008, 2009 and 2010, documents reflecting Dr. Friedberg's total billings from personal injury-related matters, or, alternatively, a listing of the total sum of billings on personal injury-related matters for each of the requested years;

5.      For the years 2006, 2007, 2008, 2009 and 2010, all invoices generated by Dr. Friedberg's office for each patient/client examined or treated by Dr. Friedberg who was represented by Larry Curtis, or alternatively, a listing with the name and total billing for each such patient/client;

6.      A copy of every book, book chapter, journal article, etc. authored by Dr. Friedberg, either alone, or in combination with others;

7.      All written reports authored by Dr. Friedberg, or authored by another under Dr. Friedberg's direction, during the years 2006, 2007, 2008, 2009 and 2010, related to a personal-injury legal matter or workers's compensation claim.[5]

Dr. Friedberg has already produced a copy of Mr. Dejean's file.  Dr. Friedberg explained that he has not authored any professional books or articles and, consequently, has nothing to produce with regard to the request concerning professional literature.  The motion is moot with regard to those requests.

---

[5]      Rec. Doc. 50-1 at 2.

Dr. Friedberg has agreed to produce copies of all written tests administered to Mr. Dejean.  The test materials shall be produced subject to a protective order identical to that discussed above in Section 2 with regard to Dr. Bianchini's test materials.

Dr. Friedberg objected to the requests related to his personal financial information on the basis that it would be unduly burdensome to collect the data.  Dr. Friedberg similarly objected to the requests concerning his reports on patients involved in tort or workers' compensation litigation on the basis that it would be unduly burdensome to review his files in an effort to gather that information.  Dr. Friedberg agreed to make an effort to comply with the subpoena to the extent that it requests this information, and he also agreed to report to the undersigned if the task actually does turn out to be unduly burdensome.  The motion will be deferred with regard to these requests pending future communication from Dr. Friedberg or counsel for the plaintiffs or defendants.

### 4.   PLAINTIFFS' MOTION TO SUBSTITUTE SIGNED DECLARATION

The plaintiffs originally submitted the unsigned declaration of Dr. John C. Courtney (Rec. Doc. 55-1) in support of their memorandum opposing Dr. Bianchini's motion to quash (Rec. Doc. 53).   They then submitted Dr. Courtney's signed

declaration (Rec. Doc. 56-2) and requested leave of court to substitute the signed declaration for the unsigned one (Rec. Doc. 56).   Finding this request wholly appropriate, the motion for leave to substitute will be granted.

Accordingly,

IT IS ORDERED that Chevron and Nabors's motion to quash the subpoena directed to Dr. Bianchini, for protective order, and for sanctions (Rec. Doc. 41) is DENIED.

IT IS FURTHER ORDERED that Dr. Bianchini's motion to quash the plaintiffs' subpoena and/or for protective order is GRANTED IN PART and DENIED IN PART.   With regard to the request for production of professional literature or articles authored by him that is not generally available, the motion is GRANTED, and Dr. Bianchini is ordered to produce, not later than thirty days after the date of this order, a list of all such publications and their locations, as well as copies of all such literature available to him electronically.   With regard to the request for non-party medical reports, the motion is GRANTED, and Dr. Bianchini shall, not later than thirty days after the date of this order, produce non-party medical reports authored by him in litigation cases in the last five years, with the redactions as set forth herein. With regard to Dr. Bianchini's financial information, the motion is GRANTED, and Dr. Bianchini shall, not later than thirty days after the date of this order, produce 1099

forms, or other documentation from his accountant reflecting this information for each of the past five years. With regard to the request for production of the *test data*, Dr. Bianchini shall produce, not later than thirty days after the date of this order, copies of all test data to counsel for the plaintiff involved in any way with the examination and testing of the plaintiff. *Test materials* used by him in connection with his neuropsychological testing of the plaintiff shall be produced to plaintiff's expert, Dr. Freidberg, subject to a protective order in the form described above, which protective order shall be submitted to the undersigned not later than fifteen days after the date of this order.  To the extent that the motion seeks sanctions and attorney's fees, it is DENIED.

IT IS FURTHER ORDERED that Chevron's motion to compel Dr. Friedberg to respond to the subpoena, or alternatively hold him in contempt, and/or for sanctions (Rec. Doc. 50) is GRANTED IN PART, DENIED IN PART AS MOOT, DEFERRED IN PART, and DENIED IN PART.  To the extent that the motion seeks to have Dr. Friedberg held in contempt or sanctioned, the motion is DENIED.  To the extent that the motion seeks to compel Dr. Friedberg to respond to the subpoena by producing testing materials, the motion is GRANTED, and Dr. Friedberg shall produce, not later than thirty days after the date of this order, copies of the plaintiff's *test data* to the defendants. Copies of *test materials* used by him in connection with

his psychological testing of the plaintiff shall be produced to Dr. Bianchini, subject to a protective order in the form described above, which shall be submitted to the undersigned for approval not later than fifteen days after the date of this order.  With regard to the requests for production of Dr. Friedberg's records concerning patients other than Mr. Dejean and concerning his financial information, the motion is DEFERRED pending Dr. Friedberg's report to the undersigned regarding the difficulty of complying with those parts of the subpoena.  With regard to the request for production of professional literature authored by Dr. Friedberg, the motion is DENIED AS MOOT.

IT IS FURTHER ORDERED that the plaintiff's motion to substitute declarations (Rec. Doc. 56) is GRANTED.

Signed at Lafayette, Louisiana on June 8th , 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

-14-